[L. A. Nos. 17627, 17628.  In Bank.—November 29, 1940.]

CAROLINE A. LOVELL, Appellant, v. J. W. DEYOE et al., Respondents.

(Two Cases.)

Guy B. Graham for Appellant.

Lewis D. Collings and Edgar C. Smith for Respondents.

THE COURT.—In each of the above-entitled matters, a motion to dismiss an appeal is presented. The one relates to a judgment that was rendered and entered in an action in the lower court; the other is in respect to an order of nonsuit and an order of dismissal of the action therein by the same court.

The ground urged for the dismissal of each appeal is that neither within the time prescribed by statute, nor by rule of this court, did appellant file with the clerk of this court either the clerk's transcript of the proceedings had in the lower court or the reporter's transcript of the evidence which was adduced on the hearings of the respective causes.

A review of the several affidavits and statements that have been presented by respective counsel and parties hereto (which include more than 50 pages of typewritten matter) leads to the conclusion that each of the motions herein should be de-

nied. Practically, it would serve no useful purpose to reproduce or to here review and analyze the "evidence" that is presented to this court in either or both of the instant proceedings. Suffice it to state that although the non-performance of appellant in the respects specified in the several motions is not only apparent but in fact is conceded to exist, nevertheless from the record it is equally clear that such failure was not directly chargeable to the negligence of appellant.

An examination of the record discloses the fact that with respect to each of the appeals referred to in the instant motions,—as far as appellant was concerned,—a substantial compliance was had with regard to each and all of the statutory and other requirements hereinbefore referred to. The derelictions, if any, as set forth in the respective motions, were those of officers of the lower court, to wit, either its clerk or its stenographic reporter, or both.

In such circumstances, each of the motions herein presented should be denied. It is so ordered.

Rehearing denied.